## Newman *vs.* The State of Georgia.

1. To justify killing another in defense of person or goods, it must be shown that it was necessary to do so in order to prevent the commission of a felony thereon; and to justify an attempt to kill another with a weapon likely to produce death, on the same grounds, it must appear that the attempt, or assault with intent to do so, was equally necessary. The whole charge must be considered to arrive at the meaning of its several parts, and considering it all as set out in the record, the above principle appears to have been given to the

jury, and the charge, as a whole, is substantially correct, and not such as apparently to mislead the jury.

2. The verdict is supported by the evidence, and not contrary to law.

Criminal law. Charge of court. New trial. Before Judge BUCHANAN. Heard Superior Court. March Term, 1878.

Newman was indicted for assault with intent to murder, alleged to have been committed on his brother, and found guilty. He moved for a new trial, which was refused, and he excepted. Taking the whole charge together, its substance seems to be about this: Assault with intent to murder is like murder without the death; hence the law of murder is applicable *mutatis mutandis;* to justify killing, where the charge is murder, on the ground that it was done in defence of person or property, it must appear that such act was necessary to prevent the commission of a felony thereon, etc.

DAVIS & BREWSTER; P. F. SMITH; COX & MERRELL, for plaintiff in error, cited (on the charge of court) 56 *Ga.*, 630; 43 *Ib.*, 88; (mutual combat) 46 *Ga.*, 148; 30 *Ib.*, 67; 15 *Ib.*, 223; (general error) 26 *Ga.*, 528.

S. W. HARRIS, solicitor general, for the state, cited (on charge of court) 58 *Ga.*, 35; 59 *Ib.*, 233; 48 *Ib.*, 545; 57 *Ib.*, 50; 7 *Ib.*, 13; (omission as to mutual combat) 28 *Ga.*, 200, 216; 35 *Ib.*, 241; (did charge) Code, §4325. See 19 *Ga.*, 6; Code, §4656.

JACKSON, Judge.

The motion for a new trial was predicated mainly upon an alleged error in the charge of the court. The defendant's counsel insisted that the court erred in the charge in respect to murder, by charging that, in defense of self or property, it must be necessary to kill to prevent the felony on either of these, before the defendant, or accused, could

justify.   In an indictment and trial for murder, the counsel admitted that such was the law, but not on a trial for assault with intent to murder, because the fact that the killing did not occur showed that it was unnecessary.   There may be some inaccuracy in the charge in this respect, and in other respects complained of taken separately, but taken in its entirety, we think it substantially correct.   The court, in other parts of the charge, had guarded the jury in regard to the nature of the offense charged, and had shown to them fully the reason why it was necessary to give in charge the law of murder; and we do not think that men of ordinary capacity could well have been misled by the portion complained of.   The meaning of the court was, that if death had ensued, then it would have been necessary to make such proof; and as death did not ensue, then it was necessary to make equivalent proof if the accused shot with intent to kill, which issue was fairly put in another part of the charge.   The whole spirit of the charge seems to be to the effect that if the prosecutor had been killed, and the accused had attempted to justify the act of killing, then he must have shown the necessity of doing so to protect himself or his property from a felony; and as the shot did not result in loss of life, before he could justify the attempt to kill, he must show the same necessity for the assault with intent to kill, or the attempt to kill.   Taking all of the charge together, this appears to have been the meaning of it, and we hardly think it could have been misunderstood.

2. It was a contest between brothers about a wagon body; both were to blame, but the wagon seemed to belong to the prosecutor; and the assailant went off for a gun, deliberately loaded it, and, despite the efforts of his wife, shot at his brother as he poked out his head from behind a tree, and the shot took effect in his head.   Had death ensued, it would have been a case of murder, under the facts; and death not ensuing, the case is one of attempt to kill with that deliberation and under those circumstances which make assault with intent to murder.

Judgment affirmed.